IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON J. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:13cv704-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.  INTRODUCTION

Plaintiff, Sharon J. Moore, applied for supplemental security income benefits. Her application was denied at the initial administrative level. As a result, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision and found Plaintiff "not disabled" at any time through the date of the decision. The Appeals Counsel denied Plaintiff's request for review and the ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9).  Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence.  *Id.*  It can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a

---

[3] *McDaniel* is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-three years old at the time of the hearing and had completed tenth grade. Tr. 30. Following the administrative hearing and employing the five-step

4

process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since August 19, 2010, the application date" (Step 1). Tr. 27. At Step 2, the ALJ found that Plaintiff suffers from severe impairments of "mood disorder; postural hypotension/dysautonomia; degenerative disc disease of the lumbar spine; osteoarthritis of the left hand; and obesity," as well as the non-severe impairment of "status post left knee arthoplasty." *Id.* At Step 3, the ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work . . . except she need[s] to alternate sitting and standing positions at intervals of 30 to 60 minutes throughout the work day while still attaining the requisite period of sitting and standing required of the exertional limit. She can occasionally push and/or pull as well as occasionally use foot control operation with the lower left extremity. She can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch, but she can never crawl or climb ladders, ropes, and scaffolds. She can frequently handle and finger bilaterally. She should avoid concentrated exposure to extreme temperatures and avoid all exposure to hazardous machinery and unprotected heights. Her work is limited to simple, repetitive, and routine one to three steps in a low stress job, defined as having only occasional decision making, changes in the work setting, and interaction with the public and co-workers.

Tr. 29. At Step 4, after consulting the VE, the ALJ concluded that Plaintiff "is unable to perform any past relevant work." Tr. 39. At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* The ALJ identified the following

occupations as examples: "Bench Assembler" and "Inspector/Hand Packer." Tr. 40. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, since August 19, 2010." Tr. 41.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents one issue for this court's consideration in review of the ALJ's decision: whether "[t]he Commissioner's decision should be reversed[] because the ALJ granted significant weight to the medical opinions of Dr. Ryan in [sic] which include more restrictions and limitations than the ALJ found in his RFC finding." Pl.'s Br. (Doc. 14) at 3.

## V. DISCUSSION

Plaintiff asserts that the ALJ erred by assigning significant weight to the medical opinion of internal medicine specialist Dr. Kevin Ryan but ignoring the part of that opinion that would support a finding of disability. Pl.'s Br. (Doc. 14) at 4.

As Plaintiff notes, the ALJ stated that Dr. Ryan's "greatest limiting factor was his opinion that [Plaintiff] would require leg elevation for any 'prolonged' sitting," Tr. 38, a limitation which the ALJ purported to accommodate in the RFC by including a sit-stand option. Tr. 29, 38-39. However, a review of the hearing transcript shows that, apart from the leg elevation requirement, the greatest limiting factor in Dr. Ryan's opinion was that Plaintiff "would need unscheduled breaks during an eight hour work shift." Tr. 35, 526.

6

As the VE testified at Plaintiff's hearing, the need for Plaintiff to take unscheduled breaks would be "*an absolute stopper*" on Plaintiff's ability to work.  Tr. 87 (emphasis added).

Despite the multiple reasons the ALJ articulated for giving Dr. Ryan's opinion significant weight, including that Dr. Ryan is a specialist and that he has no history with Plaintiff that could suggest a loss of objectivity (Tr. 38-39), the ALJ inexplicably ignored the piece of Dr. Ryan's opinion that would preclude Plaintiff from work.  While the ALJ did briefly mention Dr. Ryan's opinion that Plaintiff would need to take unscheduled breaks when the ALJ summarized Dr. Ryan's medical opinion in whole, Tr. 34-35, the ALJ did not accommodate Plaintiff's need to take unscheduled breaks in the RFC or otherwise account for the VE's testimony that this restriction would preclude Plaintiff from working.  Nor did the ALJ find that portion of Dr. Ryan's opinion to be entitled to less weight.

The ALJ has a duty to express why he rejected portions of Dr. Ryan's opinion when he simultaneously found the overall opinion to be entitled to significant weight. *See McCloud v. Barnhart*, 166 F. App'x 410, 419 (11th Cir. 2006) ("The ALJ is required . . . to state with particularity the weight he gives to different medical opinions and the reasons why.").  Without an explanation for why some of Dr. Ryan's limitations were expressed in the RFC and some were not, the court is unable to conduct a full review of the ALJ's decision to determine whether it is supported by substantial evidence.  On remand, the ALJ should reevaluate Dr. Ryan's opinion and, if the ALJ finds portions of

the opinion to be entitled to less-than-significant weight, express why those portions are rejected, especially in light of the VE's testimony about the preclusive effect of the restrictions found by Dr. Ryan.

## V.  CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner to reevaluate Dr. Ryan's opinion and, if the ALJ finds portions of the opinion to be entitled to less-than-significant weight, express why those portions are rejected.  A separate judgment will issue.

Done this 7th day of October, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE